IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARENCE ANTONIO AUSTIN,

              ORDER

     Petitioner,

              08-cv-180-bbc

  v.

DANE COUNTY JAIL and
WISCONSIN PENAL SYSTEM,

     Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Petitioner Clarence Austin has filed a proposed civil action for monetary relief against respondents Dane County jail and Wisconsin Penal System.  He seeks leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915.[1]  From the affidavit of indigency accompanying petitioner's proposed complaint, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit.  Nevertheless, before petitioner may proceed in forma pauperis, I must determine

---

[1]Petitioner has provided an address in Madison, Wisconsin as his place or residence. It is unclear when petitioner was released from the Dane County jail and for what time period he was there.  Nevertheless, because petitioner was not incarcerated at the time he filed his complaint, he is not subject to the terms of the Prison Litigation Reform Act that apply only to prisoners. E.g., Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998).

1

whether his action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). The court will grant leave to proceed if there is an arguable basis for a claim in fact of law. Neitzke v. Williams, 490 U.S. 319 (1989).

In its entirety, petitioner's complaint reads as follows:

> While incarcerated in Dane County Jail for allegations not true I was poison repeatly with rats, roaches, manure, spiders and odors that violated & harm me in horric ways pshi insancely with the intention to kill Clarence Antonio Austin and other's I was constnly harass miss treated for reasons's of racism and to silenc me because I chanting Allah name in my prayer I let these official know that I'am muslim that pray to Allah that when I starter to abuse offten by deputy as well as other prisoner's while they look at it happenen to Clarence Antonio Austin my mental state suffer tramendusrly. I was traumatize by the treatment of Dane County Jail without a brake in it my health is sufferen frome what took place in the custody of Dane County Jail and Wisconsin jail system at all times further the mental heath staff aid it these in humane torture of Clarence Antonio Austin by put in me in a cell for 24 hours a day staten vairious allegation's (lies) once the rats, roaches, spiders, manure, cancer, verb, phsic torture was happening then I'm told they have to do what the Dane County Jail tell them concernen Mr. Austin, Clerence Antonio these conditions are unsanitary and brutal. They were trying to kill me at any time in these jail's.

Petitioner requests monetary relief in the amount of $16 million.

Approximately one year ago, on April 13, 2007, petitioner filed another

2

lawsuit in this court, Austin v. Dane County Mental Health, 07-C-192-C, which is nearly identical to the complaint in this case. In case no. 07-C-192-C, petitioner complained about the conditions of his confinement at the Dane County jail stating that, "I have ben torture mulalated disrespected in ALL aspects of the human word with rats, roaches, spiders, manure, unsanitary linen." In the order denying petitioner leave to proceed in that case I told him that I was not able to conclude from his allegations that respondent Dane County Mental Health was responsible for the conditions he had alleged.

Petitioner's claims in this case appear to be precisely the same claims he attempted to raise in case no. 07-C-192-C. The only noticeable difference is that petitioner is attempting to sue different respondents in each case; Dane County Mental Health in 07-C-192-C and Dane County jail and the Wisconsin Penal System in this suit. Unfortunately, Dane County jail and the Wisconsin Penal System are not proper respondents in a case such as this one brought under 42 U.S.C. § 1983. Liability under § 1983 attaches to persons who "under color of any statute, ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. Will v. Michigan Department of State Police, 491 U.S. 58, 66-67 (1989); Witte v. Wisconsin Department of Corrections, 434 F.3d 1031, 1036 (7th Cir. 2006). Therefore, respondents Dane County jail and

3

Wisconsin Penal System are not "persons" that may be sued under § 1983.

To the extent petitioner may be claiming that respondents are liable under the theory of <u>respondeat superior</u>, this kind of indirect responsibility is not a basis for liability under § 1983.  Liability under § 1983 arises only through a respondent's personal involvement in a constitutional violation.  <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995); <u>Del Raine v. Williford</u>, 32 F.3d 1024, 1047 (7th Cir. 1994).  Because respondents in this case are not able to take the kind of personal action necessary under <u>respondeat superior</u>, petitioner cannot proceed with his claims under this theory.

Federal courts have the power to hear cases in which a plaintiff alleges a violation of his constitutional rights or rights established under federal law.  28 U.S.C. § 1331.  Here, although petitioner is attempting to sue respondents for harassment for reasons of petitioner's race and religion or for conditions that violated his constitutional rights, he cannot proceed with his claims because the named respondents are not suable entities.

ORDER

IT IS ORDERED that petitioner Clarence Austin's request for leave to proceed <u>in</u>

forma pauperis is DENIED and this case is DISMISSED without prejudice.

Entered this 9th day of April, 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge

5